UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERNEST MARSHALL, et al.,
    Plaintiffs,

vs.

CYNTHIA B. MAUSSER, et al.,
    Defendants.

Case No. 1:13-cv-847
Black, J.
Litkovitz, M.J.

ORDER

This matter is before the Court on the following motions: motion to appoint counsel which plaintiff Ernest Marshall purports to submit on behalf of himself and plaintiffs Cornel Lee, Jerry Hall, and Robert Lee Harris, Jr. (Doc. 29); motion to appoint counsel which plaintiff Robert Lee Harris, Jr., purports to submit on behalf of himself and the remaining plaintiffs (Doc. 35); plaintiff Harris's motion for discovery filed on his own behalf (Doc. 41) and defendants' response in opposition (Doc. 44); defendants' motion to stay discovery (Doc. 43), a response in opposition which plaintiff Harris purports to submit on behalf of himself and the remaining plaintiffs (Doc. 46), and defendants' reply (Doc. 47); and plaintiff Harris's motion for extension of time to file a reply to defendants' response to plaintiff's motion for habeas corpus, which plaintiff Harris purports to submit on behalf of himself and the remaining plaintiffs (Doc. 51), and defendants' response in opposition to the motion for extension of time (Doc. 52).

### I. Motions to Appoint Counsel

As an initial matter, although plaintiffs Marshall and Harris purport to submit the motions for appointment of counsel on behalf of themselves and the other plaintiffs, they are not lawyers and may not represent the other individual plaintiffs in this matter. *See Smith v. Dukes*, 21 F. App'x 344, 344-45 (6th Cir. 2001). *See also Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *Harrison v. Seay*, 856 F. Supp. 1275, 1279

(W.D. Tenn. 1994). By law, an individual may appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. In addition, Fed. R. Civ. P. 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - - or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g., Keyway Leasing Trust v. U.S.*, No. 1:98-cv-796, 1999 WL 810386, at *2 (W.D. Mich. Aug. 26, 1999). Accordingly, plaintiffs Marshall and Harris may not represent any other plaintiffs in this matter. If plaintiffs wish to submit a motion in this matter on behalf of each of them, such motions must be signed by all plaintiffs.

Insofar as plaintiffs Marshall and Harris bring the motions to appoint counsel on their own behalf, the Court will deny the motions. The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiffs Marshall and Harris's motions for appointment of counsel (Docs. 29, 35) are **DENIED**.

## II. Discovery motions

Defendants move the Court to stay all discovery in this matter pending the resolution of defendants' motion to dismiss the lawsuit for lack of standing and failure to state a claim upon which relief can be granted. (Doc. 43). Defendants assert there is "good cause" for staying discovery pending resolution of their motion to dismiss. (*Id.* at 3). They allege that the motion is fully briefed and granting the stay would impose no hardship on plaintiffs. They further allege that it appears defendants Marshall, Lee and Hall have abandoned their claims in the action by failing to file anything in the case since January 2014, with the exception of the motion for appointment of counsel filed by Marshall in April 2014. (*Id.* at 3, n. 1). In response, plaintiff Harris asserts that discovery is necessary to prove the issues in this case, defendants have refused informal requests for discovery, and the costs to defendants to provide discovery would be minimal.[1] (Doc. 46). In addition, plaintiff Marshall has submitted a response stating that he wishes to obtain discovery to prove that the decisions of the Ohio Adult Parole Authority (OAPA), are not correct and the OAPA is using the nature of the crime to deny parole, which is an invalid reason. (Doc. 48).

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In assessing a motion to stay discovery, the Court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252,

---

[1] Although plaintiff Harris purports to submit the memorandum in response to the motion to stay discovery on behalf of all plaintiffs, he may not represent other individuals in this matter as stated above.

3

at *1 (S.D. Ohio March 4, 2008)). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *See Bowens*, No. 2:10-cv-219, 2010 WL 3719245, at *2 (internal citation omitted) (citing *Ohio Bell Telephone Co.*, No. 2-06-cv-0549, 2008 WL 641252, at *1) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at **1-2 (S.D. Ohio Sept. 7, 2010) ("unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden variety Rule 12(b)(6) motion"). Nevertheless, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on *legal* determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (emphasis added) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In this case, a stay of discovery is appropriate pending resolution of defendants' motion to dismiss. Plaintiffs stress in the complaint, and their allegations indicate, that they are presenting a *legal* issue for the Court's resolution. Plaintiffs state in the complaint that they are not challenging a denial of parole; rather, they are challenging the constitutionality of procedures and guidelines of the OAPA. (Doc. 1 at 9). Specifically, plaintiffs allege that they are challenging guidelines and procedures of the OAPA which have created a quasi-suspect class of "pre-SB2 inmates" (referring to Ohio Senate Bill No. 2, which plaintiffs state became effective on July 1, 1996), based on the "uncommon and serious nature of their crimes." (*Id.* at 3-4, 8-9). Plaintiffs give examples of how the OAPA has shown bias against them, but plaintiffs allege that these examples go to the "question of law" presented by their complaint concerning the creation

4

of a quasi-suspect class of pre-SB2 inmates who have been denied a meaningful parole board hearing due to procedural bias. (*Id*. at 7-8). Defendants' motion to dismiss challenges plaintiffs' standing to bring their legal challenge to OAPA's guidelines and procedures, as well as asserting that plaintiffs have failed to state a claim for relief. (Doc. 30). There is no indication that discovery is necessary to address the legal issues raised by the motion to dismiss, which are potentially dispositive of the lawsuit. Accordingly, a stay of discovery pending resolution of the motion to dismiss is warranted in this case. The burden on defendants of responding to plaintiffs' discovery requests at this juncture would outweigh any hardship to plaintiffs caused by a short delay in proceeding with discovery. Defendants' motion to stay discovery (Doc. 43) is therefore **GRANTED**. Plaintiff Harris's motion for discovery (Doc. 41) is **DENIED** as moot.

### III. Motion for extension of time

Plaintiff Harris has filed a motion for extension of time to file a reply to defendants' response to plaintiff Marshall's motion for habeas corpus. (Doc. 51). Defendants oppose plaintiff Harris's motion on the ground Harris purports to bring the motion on behalf of all the plaintiffs. The motion for habeas corpus (Doc. 49) was filed by plaintiff Marshall, and plaintiff Harris may not submit a reply in support of the motion on behalf of himself or any other plaintiff. Therefore, plaintiff Harris's motion for an extension of time to file a reply to defendants' response to the motion for habeas corpus is **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiffs Marshall and Harris's motions for appointment of counsel (Docs. 29, 35) are **DENIED**.

2. Defendants' motion to stay discovery (Doc. 43) is **GRANTED**.

3. Plaintiff Harris's motion for discovery (Doc. 41) is **DENIED** as moot.

4. Plaintiff Harris's motion for an extension of time to file a reply to defendants' response to plaintiff Marshall's motion for habeas corpus (Doc. 51) is **DENIED**.

Date: 9/23/14

Karen L. Litkovitz, Magistrate Judge
United States District Court